IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| SIDNEY DANIEL NELSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    CV 121-080 |
| | ) |
| STATE OF GEORGIA, | ) |
| | ) |
| Respondent. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at Burke County Jail in Waynesboro, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

**I.    BACKGROUND**

The procedural history of Petitioner's underlying case is not entirely clear, but the Court can discern the following. Petitioner was arrested for violating the terms of his probation on May 3, 2021. (Doc. no. 1, p. 1.) Burke County Superior Court Judge John Flythe revoked Petitioner's term of probation and sentenced him to twelve months of imprisonment on December 11, 2019, and it is this revocation Petitioner seeks to challenge in his petition. (Id.) Petitioner states a related charge of simple assault "was, and is now still pending" but was "dead-docketed" the day before he signed the petition. (Id.) As of April 26, 2021, Petitioner is "still

going to status hearings." (Id. at 5.) Petitioner did not seek further review of his revocation by a higher state court but he did write the Library of Congress, the United States Supreme Court, his church, and the District Attorney. (Id. at 2, 8.) Petitioner also claims: (1) he was arrested without probable cause; (2) his First Amendment rights were violated when he was forced to "swear in" against his religion during the revocation hearing; (3) and he was subjected to excessive force when punched in the face and rendered unconscious. (Id. at 5, 7.) Petitioner does not indicate he has pursued any state habeas corpus relief.

## II.   DISCUSSION

### A.   The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

**B.     Petitioner Failed to Exhaust State Remedies**

Petitioner does not allege that he has exhausted his state court remedies. (See generally doc. no. 1.) Indeed, Petitioner concedes he has not sought relief from a higher state court. (Id.) Nothing in Petitioner's filing suggests he has been prevented from asserting his current claims in a state court proceeding. Moreover, Georgia state law provides an avenue to challenge probation

3

revocations.  See, e.g., Hendrix v. State, 831 S.E.2d 517, 519 (Ga. App. 2019) ("Appeals from orders revoking probation are subject to the discretionary appeal procedures of OCGA § 5-6-35 (a)(5)."); Hambrick v. Brannen, 715 S.E.2d 89, 90 (Ga. 2011) (reviewing state habeas proceedings concerning probation revocation).

As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice so that he can first give the state courts an opportunity to address his claims.  Requiring exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of June, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA